IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30464
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICK FRANCISCO SAMAYOA-GONZALES,
also known as Eric Samayoa,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-2642
(98-CR-14-ALL)
--------------------
November 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Erick Francisco Samayoa-Gonzales ("Samayoa"), federal prisoner # 258997-034, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Samayoa argues that his trial attorney was ineffective at sentencing because counsel failed to object to the 16-level increase of Samayoa's offense level pursuant to 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2. Samayoa contends that a

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

juvenile delinquency adjudication in Louisiana is not a "conviction" under those enhancement provisions.

To prevail on a claim of ineffective assistance of counsel, Samayoa must show that: (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced Samayoa's defense. Strickland v. Washington, 466 U.S. 668, 689-94 (1984). These elements are conjunctive: A failure to establish either deficient performance or prejudice defeats the claim. Id. at 697.

At the time of Samayoa's sentencing, there was no controlling authority to support the argument that under Louisiana law a juvenile adjudication of delinquency was not a conviction for purposes of 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2. Therefore, the attorney's failure to object to the 16 level enhancement was not unreasonable and thus did not constitute deficient performance. See United States v. Williamson, 183 F.3d 458 (5th Cir. 1999). Samayoa's inability to meet the cause prong precludes his ability to prevail on a claim of ineffective assistance; we need not address the prejudice prong.

AFFIRMED.